IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ERICA WALKER, VICTORIA MAYWEATHERS,**         **PLAINTIFFS**
**and VAN ROBBINS, Individually and on**
**Behalf of All Others Similarly Situated**

vs.                            No. 5:19-cv-1309

**TASKUS, INC.**                                **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Erica Walker, Victoria Mayweathers, and Van Robbins ("Plaintiffs"), each individually and on behalf of others similarly situated, by and through their attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendant TaskUs, Inc. ("Defendant"), and in support thereof they do hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiffs, individually and on behalf of all others similarly situated, against Defendant pursuant to Section 216(b) of the FLSA.

2. Plaintiffs propose two Section 216 collectives composed of 1) hourly-paid employees who performed social media content review work and who were ever clocked-out mid-shift and thereby deprived of compensation; and 2) recruiter employees who were classified as salaried.

3. During the applicable time period, Plaintiffs and the proposed class members work/worked for Defendant and are/were denied their rights under applicable federal wage and hour laws.

4. The proposed Section 216 classes will seek recovery of monetary damages for overtime hours worked by Plaintiffs and the class members.

5. Plaintiffs, both individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 US.C. § 201, et seq. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorney's fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiffs and all others similarly situated overtime compensation for all hours worked each week that they were/are made to work.

6. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

7. Plaintiffs have filed or will file their written Consents to Join this lawsuit pursuant to Section 216 of the FLSA.

## II.   JURISDICTION AND VENUE

8. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

9. The acts complained of herein were committed and had their principal effect against Plaintiffs within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.     THE PARTIES

10.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

11.     Plaintiff Erica Walker ("Plaintiff Walker") is an individual and resident and domiciliary of Bexar County. She was employed by Defendant to work as an hourly employee within the three (3) years preceding the filing of this Complaint. At all times relevant hereto, Plaintiff Walker was paid an hourly rate for her work for Defendant.

12.     Plaintiff Victoria Mayweathers ("Plaintiff Mayweathers") is an individual and resident and domiciliary of Bexar County. She was employed by Defendant to work as a recruiter and was classified as a salaried employee within the three (3) years preceding the filing of this Complaint.

13.     Plaintiff Van Robbins ("Plaintiff Robbins") is an individual and resident and domiciliary of Bexar County. He was employed by Defendant to work as a recruiter and was classified as a salaried employee within the three (3) years preceding the filing of this Complaint.

14.     At all times relevant herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA 29 U.S.C. § 201, *et seq.*

15.     Defendant is a Delaware corporation, licensed to do business within the State of Texas.

16.     Defendant's agent for service of process in Texas is C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

17.     Defendant hired and fired, or had the right to fire, Plaintiffs and the class members, established and maintained the pay policies and work schedules for Plaintiffs

and the class members, supervised Plaintiffs and the class members, and otherwise controlled the working conditions of Plaintiffs and the class members.

18. Defendant is an "employer" within the meaning set forth in the FLSA and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the class members.

19. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

20. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

## IV.   FACTUAL ALLEGATIONS

21. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

22. Defendant's primary business purpose is to provide their customers with outsourced digital systems and management services, including virtual assistants, customer service, technical support, billing services, social media content moderation and fraud prevention, among other services. Defendant employed employees such as Plaintiffs to accomplish these purposes.

23. Within three years prior to the filing of this Complaint, Defendant hired Plaintiffs, among other individuals, to perform relevant duties such as the social media content moderation service offered by Defendant as well as recruiting services for Defendant's operation.

24. Plaintiff Walker worked for Defendant as an hourly-paid digital content moderator from approximately July of 2018 through the present.

25. Plaintiff Mayweathers worked for Defendant as recruiter from approximately March of 2018 until August of 2018 and was classified by Defendant as a salaried employee.

26. Plaintiff Robbins worked for Defendant as recruiter from approximately March of 2018 until March of 2019 and was classified by Defendant as a salaried employee.

27. Defendant hired Plaintiffs and set their work schedules, including the hours to be worked, and paid them an hourly wage.

28. Defendant exercised comprehensive control over the employment of its employees, including Plaintiffs' employment.

29. Defendant dictated the hours worked by its employees, including Plaintiffs.

30. Defendant established the method and rate of pay for its employees, including Plaintiffs.

31. Plaintiff Walker and other hourly-paid employees, including social media content reviewers, are required to log on to Defendant's time-keeping system when they begin their workday and log off at the end of the workday. Defendant pays hourly-paid employees according to the hours they were logged onto the time-keeping system.

32. Plaintiff Walker and other hourly-paid employees spent their workday primarily engaged in reviewing advertising and other content on social media platforms to ensure that such content complied with Defendant's customers' standards. Plaintiff and other hourly-paid employees used Defendant's computer system.

33. Plaintiff Walker and others in her position were subject to an actual practice of Defendant whereby there were from time-to-time deprived of pay due to Defendant clocking them out on the basis of what Defendant asserted was an unacceptable length of "inactivity."

34. Once Plaintiff Walker and the others were logged out, they were not logged back in until they recognized that they had been logged out and physically logged themselves back in. This was true for some other hourly-paid employees as well, and their time and payroll records will demonstrate this practice.

35. Because Plaintiff Walker and other hourly-paid employees were paid according to the time they were logged on to Defendant's time-keeping system, they were not paid for the time in their workdays that they were logged off of Defendant's time-keeping system as a result of the automatic logging off implemented by Defendant.

36. Plaintiff Walker and other hourly-paid employees worked in excess of forty (40) hours per week for Defendant.

37. Because Plaintiff Walker and other hourly-paid employees were not paid for the time they were logged of Defendant's time-keeping system in weeks during which they worked at least forty hours per week, Plaintiff Walker and other hourly-paid employees were not properly paid overtime wages for all overtime hours worked by them.

38. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff Walker and other hourly-paid employees violated the FLSA.

39. Defendant knew or should have known that the job duties of Plaintiff Walker and other hourly-paid employees required them to work hours in excess of forty (40) per

week, yet Defendant failed and refused to compensate them for their work as required by the FLSA.

40. Plaintiff Mayweathers, Plaintiff Robbins, and all other recruiters for Defendant primarily engaged in the work of recruiting potential employees for Defendant.

41. Defendant classified recruiters, including Plaintiffs Mayweathers and Robbins, as salaried employees.

42. Recruiters, including Plaintiffs Mayweathers and Robbins, regularly worked in excess of forty (40) hours per week performing the work that Defendant required them to perform, including speaking on the phone to potential applicants and hosting gatherings for potential applicants.

43. Mayweathers, Robbins, and all other recruiters for Defendant were misclassified by Defendant and paid a fixed amount that did not take into account any of the hours they worked in excess of forty (40) per week.

44. Mayweathers, Robbins, and other recruiters never agreed that their salary would be sufficient to cover all hours worked.

45. Upon commencement of work for Defendant, Mayweathers, Robbins, and other recruiters did not sign any contract of employment setting forth their hours or wages. Their annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

46. In performing their services for Defendant, Mayweathers, Robbins, and other recruiters were not required to utilize any professional education relevant to their job duties.

47. During the course of their employment, Mayweathers, Robbins, and other recruiters did not manage Defendant or a customarily recognized subdivision thereof.

48. Mayweathers, Robbins, and other recruiters did not select any employees for hire nor did they provide any training for any employee. Plaintiffs and other similarly-situated employees had no ability to hire and fire any employee.

49. Mayweathers, Robbins, and other recruiters did not have any control of or authority over any employee's rate of pay or working hours.

50. Mayweathers, Robbins, and other recruiters did not maintain or prepare production reports or sales records for use in supervision or control of the business.

51. Similarly, Mayweathers, Robbins, and other recruiters did not have any responsibility for planning or controlling budgets.

52. Mayweathers, Robbins, and other recruiters regularly worked over forty (40) hours per week.

53. Defendant did not pay Mayweathers, Robbins and other recruiters one and one-half times their regular rate of pay for all hours worked over forty (40) per week.

54. Defendant knew, or showed reckless disregard for whether, the way it paid Mayweathers, Robbins, and other recruiters violated the FLSA.

55. Defendant knew or should have known that the job duties of Mayweathers, Robbins, and other recruiters required them to work hours in excess of forty (40) per week, yet Defendant failed and refused to compensate them for their work as required by the FLSA.

56. At all times relevant hereto, Defendant was aware of the minimum wage and overtime requirements of the FLSA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

57. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

58. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were or are denied payment for all hours worked over forty (40) per week and/or whose overtime pay is or was not calculated in compliance with the requirements of the FLSA within the applicable statute of limitations period.

59. Plaintiffs assert violations of the FLSA on behalf of all persons who were employed by Defendant as hourly-paid employees from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case (hereinafter referred to as the "Hourly Class").

60. Plaintiffs also assert violations of the FLSA on behalf of all persons who were employed by Defendant as recruiters from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case (hereinafter referred to as the "Recruiter Class").

61. Plaintiffs are unable to state the exact number of the classes, but believe that Hourly Class membership exceeds five hundred (500) persons and that Recruiter Class membership exceeds fifty (50) persons.

62. Defendant can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendant.

63. The proposed Hourly Class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

A. Defendant's uniform practice of requiring class members to log on and off of Defendant's time-keeping system;

B. Defendant's uniform practice of automatically logging class members off of the time-keeping system for instances in which Defendant's system registered "inactive" for seven minutes; and

C. Defendant's failure to pay members of the class overtime compensation for all hours worked over forty (40) per week in violation of the FLSA, 29 U.S.C. § 201 et seq.

64. Because Hourly Class members are similarly situated to Plaintiff Walker, and are owed overtime for the same reasons, at least one proper definition of the class is as follows:

**Each hourly-paid employee who worked within the three years preceding the filing of this Original Complaint.**

65. The proposed Recruiter Class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

66. Defendant's uniform practice of classifying class members as salaried and paying them an amount that did not take into account class members' hours worked in excess of forty (40) per week; and

67. Defendant's failure to pay members of the class overtime compensation for all hours worked over forty (40) per week in violation of the FLSA, 29 U.S.C. § 201 et seq.

68. Because Recruiter Class members are similarly situated to Plaintiffs Mayweathers and Robbins, and are owed overtime for the same reasons, at least one proper definition of the class is as follows:

**Each recruiter who worked within the three years preceding the filing of this Original Complaint.**

69. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA.

70. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

71. The email addresses or cell phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email and/or text message to their last known email addresses/cell phone as soon as possible.

72. In addition, and in the alternative, Plaintiffs bring this action in their individual and personal capacities, separate and apart from the class claims set forth herein.

## VI. FIRST CAUSE OF ACTION
**(Individual Claims for FLSA Overtime Violations for Hourly Plaintiff)**

73. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

74. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

75. During the relevant time period, Defendant unlawfully refrained from paying Plaintiff Walker a lawful overtime premium for hours worked over forty (40) per week.

76. Defendant's failure to pay Plaintiff Walker all overtime wages owed was willful.

77. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff Walker for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

## VII.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA for Hourly Employees)

78. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

79. Plaintiffs, on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

80. During the relevant time period, Defendant unlawfully refrained from paying its hourly employees a lawful overtime premium for hours worked over forty per week.

81. Plaintiffs propose to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff Walker, which may be defined as follows:

> **Each hourly-paid employee who worked within the three years preceding the filing of this Original Complaint.**

82. Defendant's failure to pay the Hourly Class overtime wages owed was willful.

83. By reason of the unlawful acts alleged herein, Defendant is liable to members of the Section 216 Hourly Class for monetary damages, liquidated damages,

and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

## VIII. THIRD CAUSE OF ACTION
### (Individual Claim for FLSA Overtime Violations for Recruiter Plaintiffs)

84. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

85. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

86. Defendant intentionally misclassified Plaintiffs Mayweathers and Robbins as exempt from overtime compensation.

87. During the relevant time period, Defendant unlawfully refrained from paying Plaintiffs Mayweathers and Robbins a lawful overtime premium for hours worked over forty per week.

88. Defendant's failure to pay Plaintiffs Mayweathers and Robbins all overtime wages owed was willful.

89. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs Mayweathers and Robbins for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

## IX. FOURTH CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA for Recruiter Employees)

90. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

91. Plaintiffs, on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

92. Defendant intentionally misclassified Recruiter Class members as exempt from overtime compensation.

93. During the relevant time period, Defendant unlawfully refrained from paying its hourly employees a lawful overtime premium for hours worked over forty per week.

94. Plaintiffs propose to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff Mayweathers and Plaintiff Robbins, which may be defined as follows:

> **Each recruiter who worked within the three years preceding the filing of this Original Complaint.**

95. Defendant's failure to pay Recruiter Class employees overtime wages owed was willful.

96. By reason of the unlawful acts alleged herein, Defendant is liable to members of the Section 216 Recruiter Class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

## X.   WILLFULNESS

97. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

98. All actions by Defendant were willful and not the result of mistake or inadvertence.

99. Defendant knew or should have known that the FLSA applied to the operation of its business at all relevant times.

100. Despite being on notice of its violations, Defendant chose to continue its policies and practices described above which resulted in Plaintiffs and other members of the proposed collective classes working overtime hours for which they were not properly compensated.

101. Additionally, upon information and belief, some members of the proposed collective classes from time to time complained to Defendant about the unlawfulness of Defendant's manner of payment and policies related to improper payment procedures.

## XI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Erica Walker, Victoria Mayweathers, and Van Robbins, individually and on behalf of others similarly situated, respectfully pray for declaratory relief and damages as follows:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiffs, the class members, and the Court for all of the hours worked by Plaintiffs and the class members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.   Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

F.   Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the Class during the applicable statutory period;

G.   An order directing Defendant to pay Plaintiffs and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H.   Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**ERICA WALKER, VICTORIA MAYWEATHERS, and VAN ROBBINS, Individually and on behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com